# EXHIBIT A

13CI00224

FILED IN CLERK'S OFFICE
JEFFERSON CIRCUIT CT.

2013 MAY 20 AM 8 58

CLERK 2

BY _____ D.C.

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☐ Agent<br>☐ Addressee |
| | B. Received by (Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br>MAY 09 2013 Received By<br>13C<br>Liberty Mutual MAY 13 2013<br>Po Box 7213 Shane Collett<br>London, KY 40742-7213<br>13 CI 002247 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes | |
| 2. Article Number<br>(Tr  7052 2520 2000 0122 2402 | | |
| PS Form 3811, February 2004 Domestic Return Receipt | | 102595-02-M-1540 |

CLERK

13CI00224

FILED IN CLERK'S OFFICE
JEFFERSON CIRCUIT CT.

2013 MAY 16 AM 9 04

CLERK 15

BY _____ D.C.

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   SECRETARY OF STATE
   P.O. BOX 718
   FRANKFORT, KY 40602

   13 CI 002247  SC  (13)

2. Article (Transfer    7012 2210 0002 7257 7524

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X  KYLE WILSON     ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
   MAY 13 REC'D

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

NO. 13 CI 002247

JEFFERSON CIRCUIT COURT
DIVISION _____ JEFFERSON CIRCUIT COURT
DIVISION THIRTEEN (13)

| | | |
|---|---|---|
| EDWARD FORD | ) | PLAINTIFF |
| | ) | |
| v. | ) | |
| | ) **COMPLAINT** | |
| | ) | |
| LIBERTY MUTUAL | ) | |
| INSURANCE COMPANY | ) | |
| 175 Berkeley St | ) | |
| Boston, MA   S/S | ) | |
| | ) | |
| SERVE: | ) | |
| SECRETARY OF STATE | ) | |
| 700 CAPITOL AVE | ) | |
| SUITE 152 | ) | |
| STATE CAPITOL | ) | |
| FRANKFORT KY 40601 | ) | |
| | ) | |
| Aka. | ) | |
| | ) | |
| LIBERTY MUTUAL   C/M | ) | DEFENDANT |
| GROUP MARKET DISABILITY CLAIMS | ) | |
| PO BOX 7213 | ) | |
| LONDON KY 40742-7213 | ) | |
| | ) | |
| SERVE: | ) | |
| ANY OFFICER OR AGENT | ) | |

*** *** ***

FILED IN CLERK'S OFFICE
DAVID L. NICHOLSON, CLERK
FILED IN APR 3 0 2013
BY _____
DEPUTY CLERK

Comes the Plaintiff, EDWARD FORD, by counsel, and for his cause of action against Defendant states as follows:

**PARTIES AND VENUE**

1. Plaintiff is a resident of Louisville, Jefferson County, Kentucky.

2. Defendant, Liberty Mutual Insurance Company aka. Liberty Mutual Group Marketing Disability Claims, (hereinafter "carrier" or "Defendant" or " Liberty ) is a corporation doing business in the Commonwealth of Kentucky.

3. This is an action brought by a participant to recover long term disability benefits ("LTD" respectively) due to him under the terms of an insurance plan governed by §502(e) of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e), which is more specifically, a contract for disability insurance and wage replacement benefits.

4. This Court has jurisdiction pursuant to §502(e) of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e).

## FACTS

5. Plaintiff was a full-time employee of Charter Communications Inc. ("employer") for a sufficient time period so as to be eligible for wage replacement coverage under the terms of an insurance contract identified as claim number 4260344/4347439.

6. As a full time employee, Plaintiff was eligible for, and was participating in the short and long-term disability plan ("plan") offered by employer.

7. At all times relevant to this Complaint, the Plan was administered by Liberty and at all relevant times Liberty remained the so called "plan administrator".

8. By virtue of Plaintiff's medical impairments, and according to medical personnel, it is apparent that Plaintiff is permanently and totally disabled.

9. Plaintiff applied for Short Term Disability benefits ("STD") and was denied. Plaintiff appealed the STD decision and was again denied. Since Liberty is the sole plan administrator for all disability determinations, said action on part of Plaintiff exhausts, and said denial on the part of the Defendant, exhausts administrative remedies under the plan for both STD and Long Term Disability coverage ("LTD").

10. Liberty's in house medical review performed by the Defendant's "hired medical reviewer(s)", practitioner(s) of unknown qualifications, erroneously concluded that the Plaintiff was able to perform an occupation. The Defendant fails to offer a rational basis as to why it does not concur with a diagnosis of disability consistent with Plaintiff's treating physicians.

11. Liberty's in-house reviewing staff erroneously concluded that the Plaintiff was capable of returning to work and to work full time, as he did before the onset of his disability. Liberty refused to consider all of the Plaintiff's medical ailments and combined effect on his to terminate benefits. Said action is in violation of Sixth Circuit jurisprudence.

12. Furthermore, On March 10, 2013, Plaintiff's counsel advised Lieberty it was forwarding relevant medical evidence supporting Plaintiff's disability.

13. Liberty agreed to accept such evidence, but then back-tracked and rushed to a disability determination before it could receive the relevant proof by issuing its denial of benefit determination on March 27, 2013.

14. In its March 27, 2013 correspondence Liberty freely acknowledged it did not consider the relevant Medical evidence that was to be transmitted by Plaintiff's counsel.

15. By virtue of the allegations set forth in numerical paragraphs twelve (12) and thirteen (13), Liberty has acted in bad faith by rendering a disability decision before it could receive relevant medical evidence that Plaintiff's counsel advised was forthcoming.

16. Liberty's refusal to consider Plaintiff's combination of medical impairments, and the effect each has on the other, is error. The Claimant is entitled to have the combination of all impairments considered under the Plan. The Defendant so callously ignored substantive medical proof that it cannot now enjoy the, so-called, arbitrary and capricious standard of review despite plan language to the contrary, and the medical history should be reviewed *de novo*.

17. Liberty is legally unable to deny Plaintiff's benefits based on even its own medical and vocational findings.

18. Any physician who has personally treated the Plaintiff has never questioned the permanency and totality of Plaintiff's disability.

19. Defendant Liberty's conclusions that Plaintiff is not totally disabled was arbitrary and capricious, based on faulty data, flies in the face of the longitudinal medical evidence from the treating sources, and was executed in violation of relevant provisions of the plan.

20. At all relevant times Liberty was acting under a conflict of interest as it was the entity which determined if the Plaintiff was disabled and the entity which is responsible for payment of LTD wage replacement benefits. Accordingly, the Plaintiff is entitled to

discovery over and above that which is customarily permitted in cases litigated under the ERISA statute.

21. In accordance with the terms of the plan, the Plaintiff did apply for Social Security Disability benefits ("SSDI") from the Social Security Administration ("SSA") in August, 2011. Defendant was made aware of the favorable decision.

22. Even though it does not comprise the administrative record Defendant cannot ignore the finding of SSA without adequate explanation in its decision and thusly in violation of sixth circuit jurisprudence. <u>Whitaker v. Hartford Life and Accident Co.</u> 404 F.3d 947 (6th Cir. 2005).

23. Due to Defendant's actions Plaintiff is entitled to discovery exceeding standard ERISA protocol.

## COUNT 1
## DENIAL IS IN VIOLATION OF ERISA STATUTE

24. Pursuant to the ERISA statute Plaintiff is entitled to long-term disability benefits under the Plan.

25. Defendant has wrongfully denied Plaintiff LTD benefits and has breached the teLiberty of the Plan under the dictates of the ERISA statute.

26. Defendant's decision to deny Plaintiffs benefits and their claim handling have been arbitrary and capricious and is not supported by substantial evidence, and is tantamount to a breach of contract, violating Plaintiff's expectations pursuant to the teLiberty of the contract of insurance.

## COUNT 2
## BAD FAITH

27. By knowlingly refusing to consider relevant medical evidence that the Defendant had notice of, and by rendering a decision before it could review such evidence, Defendant has violated risk all applicable unfair claims settlement practices laws and regulations as provided in KRS 304.3-200, 304.12-220, and 304.12-230, thereby entitling Plaintiff to punitive damages.

WHEREFORE the Plaintiff prays as follows:

1. For payment of disability benefits due to him, calculated from the date benefits were ceased until the present, with interest to the extent permitted by law;
2. For an Order compelling Defendant to continue all disability benefits from the present forward in time until such time as the Defendant's contract of insurance permits a reinvestigation of Plaintiff's continued medical eligibility under the Plan;
3. For attorney's fees and expenses that Plaintiff has incurred for enforcing his contractual rights as well as his ERISA rights;
4. For any and all equitable relief Plaintiff is entitled to under common law contract theory, tort, or under ERISA, including Defendants' assistance in remedying any damage its termination of benefits has caused respecting Plaintiff's credit history;
5. For his attorney fees and costs expended herein;
6. For any and all relief to which Plaintiff may be entitled under any legal claim, whether it be pursuant to a contract claim, state based statutory claims, federal ERISA based claims, or other claims that may arise once discovery is complete.

Respectfully submitted,

_____
ROBERT A. FLORIO
1500 Story Ave
Louisville, KY 40206
Co-Counsel for Plaintiff
502-587-0228